United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 19-14122-pmm
Michael D. Hawk                                                                 Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4        User: Lisa              Page 1 of 1              Date Rcvd: Mar 27, 2020
                           Form ID: pdf900         Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 29, 2020.
db              +Michael D. Hawk,    103 Matthew Drive,   Sinking Spring, PA 19608-9418
cr              +Kay Pool and Spa Service, LLC,   Michael R. McFarlin, Esquire,    933 N. Charlotte Stree,
                 Suite 3B,   Pottstown, PA 19464,   UNITED STATES 19464-3974

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr               E-mail/Text: bnc-quantum@quantum3group.com Mar 28 2020 03:51:23
                 Quantum3 Group LLC as agent for,   Sadino Funding LLC,    PO Box 788,
                 Kirkland, WA  98083-0788
cr              +E-mail/PDF: gecsedi@recoverycorp.com Mar 28 2020 03:57:04      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                           TOTAL: 2

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 29, 2020                               Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 27, 2020 at the address(es) listed below:
             KEVIN G. MCDONALD    on behalf of Creditor    Pingora Loan Servicing, LLC bkgroup@kmllawgroup.com
             MICHAEL RAYBURN MCFARLIN    on behalf of Creditor    Kay Pool and Spa Service, LLC
              mmcfarlin@rrslegal.com
             REBECCA ANN SOLARZ    on behalf of Creditor    Pingora Loan Servicing, LLC bkgroup@kmllawgroup.com
             ROLANDO  RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
              ecfmail@readingch13.com
             SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
             SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
              ECFMail@ReadingCh13.com
             STEPHEN MCCOY OTTO    on behalf of Debtor Michael D. Hawk steve@sottolaw.com,   info@sottolaw.com,
              no_reply@ecf.inforuptcy.com
             United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                           TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael D. Hawk | | CHAPTER 13 |
| | Debtor | |
| Pingora Loan Servicing, LLC | | |
| | Movant | |
| vs. | | NO. 19-14122 ELF |
| Michael D. Hawk | | |
| | Debtor | |
| Scott F. Waterman, Esquire | | 11 U.S.C. Section 362 |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's

residence is **$9,797.24** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2019 to February 2020 at $1,743.97/month |
| Suspense Balance: | $1,697.58 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,797.24** |

2.    The Debtor shall cure said arrearages in the following manner:

a).  Within seven (7) days of the filing of this Stipulation, Debtor shall file an

Amended Chapter 13 Plan to include the post-petition arrears of **$9,797.24.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the

post-petition arrears of **$9,797.24** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended

or Supplemental Proof of Claim.

3.    Beginning with the payment due March 1, 2020 and continuing thereafter, Debtor

shall pay to Movant the present regular monthly mortgage payment of $1,743.97 (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges

being assessed after the 15th of the month).

4.    Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the

automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant  shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    January 30, 2020                    By: /s/ Rebecca A. Solarz, Esquire
                                                 Attorney for Movant

Date: 2/7/2020                               _____
                                             Step___ McCoy Otto, Esquire
                                             Attorney for Debtor

Date: 2/27/2020                              _____
                                             Scott F. Waterman, Esquire
                                             Chapter 13 Trustee


Approved by the Court this  27th  day of   March               , 2020.  However, the court
retains discretion regarding entry of any further order

                                             _____
                                             Bankruptcy Judge
                                             Eric L. Frank